594

No. 40743.—Protests 761476-G, etc., of R. H. Macy & Co., Inc. (New York).

Opinion by Brown, J. The protests were submitted without evidence in support of the claims made. On the records presented they were overruled.

No. 40744.—Protest 465467-G of John Shillito Co. (Cleveland).

Opinion by Brown, J. On the authority of Curtis v. United States (22 C. C. P. A. 651, T. D. 47633) the steamer rugs in question were held dutiable at 50 percent under paragraph 1120 as claimed.

Before the Third Division, March 1, 1939

No. 40745.—Protest 893485-G of W. R. Grace & Co. (Los Angeles).

Evans, Judge: This is a suit against the United States wherein the plaintiffs seek to recover money claimed to have been illegally exacted as customs duties on an importation of certain wheat bags at the port of Los Angeles, Calif., as to which the importer had made application to amend his entry. The protest is as follows:

Upon May 1, 1936 and prior to the time when the merchandise or the invoice came under the observation of the Appraiser for purposes of appraisement, we filed an amended entry reducing the entered values. Your liquidation on the basis of the original entry is therefore illegal and void, and we respectfully request that the entry be reliquidated on the basis of the amended entry.

When the case was called for trial it was established by the evidence that the original entry was made April 27, 1936; that the amended entry was presented to the collector on May 1, 1936, and was accepted by that officer; that the invoice and the merchandise were finally examined for the purpose of appraisement on June 1, 1936; and that the merchandise was appraised on June 22, 1936. It also appears from the testimony that the amended entry became mislaid or was temporarily lost and for that reason liquidation was had on the basis of the original entry.

The deputy collector of customs in charge of liquidation at the port of Los Angeles testified that if the amended entry had been forwarded by his office and had reached the examiner and had been returned to him he would have liquidated on the basis of such amended entry "provided the appraiser okeyed it."

The summary sheet shows that the appraiser checked the entered value as correct. The record shows that the merchandise was appraised on June 22, 1936. As the appraisement was based upon an incorrect entry and the amended entry was timely but through error was not forwarded to the appraiser, we think the ends of justice would best be served by holding, as we do, that the appraisement was voidable and that a valid appraisement should be based upon the amended entry. We so hold.

Judgment will be rendered accordingly. It is so ordered.

No. 40746.—Protests 684002-G. etc., of William Faehndrich, Inc., et al. (New York).

Opinion by Keefe, J. In accordance with stipulation of counsel and on the authority of Locatelli v. United States (T. D. 48284 and T. D. 49389) and Kraft v. United States (T. D. 47955) the protests were sustained.